UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN B. MURRAY, SR. d/b/a MURRAY LAW FIRM, Plaintiff | * * * * * | CIVIL ACTION NO.: 08-2005 |
| | * | SECTION I |
| versus | * * | JUDGE AFRICK |
| WILLIAM ROBERTS WILSON, JR., Defendant | * * * | MAG DIV. 5 |

**MEMORANDUM IN SUPPORT OF
WILLIAM ROBERTS WILSON, JR.'S
MOTION TO TRANSFER, DISMISS, OR STAY**

MAY IT PLEASE THE COURT:

Defendant, WILLIAM ROBERTS WILSON, JR. ("Wilson"), respectfully files this Memorandum in Support of his Motion to Transfer, Dismiss, or Stay the claims of Plaintiff, STEPHEN B. MURRAY, SR. ("Murray").

**PRELIMINARY STATEMENT**

On April 8, 2008, Wilson filed suit against Murray for breach of contract in the United States District Court for the Southern District of Mississippi. Ten days later, after being served with Summons and Complaint in the Mississippi suit, Murray filed the this case against Wilson

in Louisiana state court. Wilson timely removed the case to this Honorable Court. Both cases involve a contingency fee sharing contract between Murray and Wilson. Essentially, the claims asserted by Murray in this case are compulsory counterclaims to Wilson's previously filed Mississippi federal court suit.

In this Circuit, principles of comity and sound judicial administration dictate that where claims involving the same subject matter are pending in two different federal district courts, the later filed action (in this case, the suit pending in this Court) should be transferred, stayed or dismissed, particularly where the later filed claim is a compulsory counterclaim in the first filed action.

Although the choice of which action to take — transfer, stay, or dismiss — is within the sound discretion of this Court, the most efficient method is to transfer it to the Southern District of Mississippi, Jackson Division, or to dismiss Murray's claims, without prejudice to his right to re-file it at a later date should he choose to do so. The transfer or dismissal of this case will ultimately result in Murray's claims being consolidated in the Mississippi federal court suit, which is where they belong. A stay, on the other hand, will require further action before this Court following resolution of the Mississippi federal court suit, and will impose unnecessary and duplicative costs on all parties. Under these circumstances, the transfer or dismissal of this case should be the preferred remedy.

## BACKGROUND

By letter agreement dated February 15, 1991, Murray and Wilson entered into a cost sharing and fee arrangement for the prosecution of asbestos personal injury cases on behalf of Mississippi residents in the New Orleans area (the "Murray/Wilson Contract"). Subsequent to

the execution of this agreement, similar cost and fee sharing agreements were entered into between Wilson, Richard M. Fountain ("Fountain"), Richard B. Schwartz ("Schwartz") and Mississippi Asbestos Associates, P.A. ("MMA"). Wilson and Murray then undertook to file and prosecute the asbestos related personal injury claims for certain named individuals. Several years later, in 1995, Murray, Wilson, Fountain, Schwartz, and MMA prepared an Association Agreement for the purpose of clarifying the parties' association or joint venture arrangement, but Murray never signed the 1995 contract. Accordingly, the 1991 agreement, a copy of which is attached to Wilson's Mississippi complaint against Murray, is the only executed contract between Wilson and Murray and therefore controls the rights and obligations of the parties.

Due to the unanticipated bankruptcy filings of several defendant asbestos manufacturers who were being prosecuted under the arrangement between Murray and Wilson, coupled with the unreasonable demands of Murray in certain of the pending cases, on April 8, 2008, Wilson filed suit against Murray in the United States District Court for the Southern District of Mississippi, Jackson Division, for breach of the Murray/Wilson Contract and unjust enrichment (the "Mississippi Lawsuit").[1] On April 17, 2008, Murray was served with a Summons and the Complaint in accordance with the Federal Rules of Civil Procedure.[2]

On April 18, 2008, one day after being served with process in the Mississippi case, and fully aware of the pending Mississippi federal court suit,[3] Murray filed a Petition for Damages

---

[1] *See* Complaint, Exhibit "A" hereto.

[2] *See* Summons, Exhibit "B" hereto.

[3] In fact, Murray undoubtedly learned of the pendency of the Mississippi case on or about April 15, 2008 when Murray's lawyer, George Riess, called Wilson's lawyer in the Mississippi case, John Low, and was told of the existence of the Mississippi case. Riess requested a copy of the Mississippi complaint and it was faxed to him that day (April 15).

and Application for Injunctive Relief in the Civil District Court for the Parish of Orleans in New Orleans, Louisiana (the "Louisiana Lawsuit"). In it, Murray alleges that Wilson breached the Murray/Wilson Contract and converted attorneys' fees realized during their joint venture for the handling of asbestos cases. The Louisiana Lawsuit is between the same parties and involves the same transaction or occurrence as that of the Mississippi Lawsuit.

On April 28, 2008, Wilson timely removed the Louisiana Lawsuit to this Court on the basis of diversity of citizenship. At the time of its removal, Wilson had not been served with Citation and a certified copy of the Petition, as required by the Louisiana Code of Civil Procedure, and to this date has not been served with process in the Louisiana Lawsuit, nor has Murray requested waiver of same.

On May 9, 2008, pursuant to Local Rule 3.1 of the Eastern District of Louisiana, Wilson filed the required Notice of Collateral Proceeding Concerning the Same Subject Matter in this proceeding.

Given that the Louisiana Lawsuit was filed ten days after the Mississippi Lawsuit, and that both cases involve the same parties and subject matter, Wilson filed this motion to transfer, dismiss or, alternatively, stay the Louisiana Lawsuit.

## ARGUMENT

The Fifth Circuit adheres to the rule that the court where an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The "first to file" rule is grounded in principles of comity and sound judicial administration. *Id*; *West Gulf Maritime Ass'n v. ILA Deep Sea Local*, 751 F.2d 721, 728 (5th Cir.

1985) ("The federal courts long have recognized that the principle of comity requires federal district courts — courts of coordinate jurisdiction and equal rank — to exercise care to avoid interference with each other's affairs."). The main purpose behind the rule "is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf*, 751 F.2d at 729; *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-20, 96 S.Ct. 1236, 1246-48 (1976). This concern applies where related cases are pending before two judges in the same district, as well as where related cases have been filed in different districts. *Save Power*, 121 F.3d at 950; *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n. 28 (5th Cir. 1992).

Moreover, even if the parties and issues in the two suits are not identical, the first to file rule will still apply where there is "substantial overlap" between the two cases. *Save Power*, 121 F.3d at 950; *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) ("[R]egardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to the consolidated in * * * the jurisdiction first seized of the issues.").

Where there is substantial overlap between two suits pending in different federal district courts, the court before which the later-filed suit is pending must either transfer the case to the district where the first-filed suit is pending, stay the action pending resolution of the first-filed suit, or simply dismiss the case. *See West Gulf*, 751 F.2d at 730.

It is undisputed that the Mississippi Lawsuit was filed first – ten days before this suit was filed. It is also undisputed that Murray had been served with process in the Mississippi Lawsuit, at least a day before he filed this suit in the Louisiana state court. Murray's Louisiana Lawsuit,

and particularly his attempt to secure a preliminary injunction against Wilson, is simply an attempt to use the injunctive powers of this Court to have this case heard in a forum of Murray's choosing, notwithstanding that Murray is the original and real defendant in this dispute. Such tactics were expressly rejected by the United States Court of Appeals for the Fifth Circuit in *West Gulf, supra*, where the defendant, upon denial of its motion to transfer from the district court in New York to the district court in Texas, promptly filed an application for preliminary injunction in the Texas district court. *West Gulf*, 751 F.2d at 724-25. On appeal of the Texas district court's grant of West Gulf's application, the Fifth Circuit reversed the Texas district court, stating that "the court with 'prior jurisdiction of the common subject matter' should resolve all issues presented in related actions." *Id* at 730 (quoting *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).

Furthermore, a brief glance at Murray's Petition in the Louisiana Lawsuit reveals that his claims in this case arise out of the same transaction or occurrence that is the subject matter of Wilson's claims against Murray in the earlier-filed Mississippi Lawsuit — indeed, they are for breach of the same contract — and are therefore compulsory counterclaims under the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 13(a); *Elevator Co. v. Bldg. Eng'g Svcs. Co., Inc.*, 730 F.2d 377 (5th Cir. 1984) (test to determine whether counterclaim is compulsory is whether "logical relationship" exists between primary claim and counterclaim). Compulsory counterclaims must be pleaded in the same suit as the main claims or will be barred by res judicata. *See Anheuser-Busch, Inc. v. Force Corp.*, 987 F.2d 298, 304 (5th Cir. 1993). The mandatory nature of compulsory counterclaims is designed "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."

*Southern Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962) (per curiam). Allowing Murray to pursue his compulsory counterclaims against Wilson in a separate action before this Court runs directly contrary to this purpose; such a course of action will result in the duplication of efforts, create complex problems of jurisdiction between the Louisiana and the Mississippi Courts, and could lead to inconsistent results. Where the plaintiff in a later-filed action asserts compulsory counterclaims that properly should have been pleaded in the earlier-filed action, judicial efficiency and comity dictate that the claims should be transferred to court where the first-filed action is pending. *Directory Int'l, Inc. v. Bates Mfg. Co.*, 91 B.R. 738, 741 (N.D. Tex. 1988) ("When a compulsory counterclaim is brought as an independent action while the first action is still pending, the proper response is to dismiss, enjoin, or stay the second action."); *Cf Knedlik v. Lincoln Inst. of Land Policy*, 883 F.2d 1024, 1989 WL 96434 (9th Cir. 1989).

## CONCLUSION

It is undisputed that Wilson's Mississippi federal court suit was the first-filed action concerning performance of the contract between Wilson and Murray, which contract also forms the basis of this case. It is further undisputed that Murray was properly served with the Summons and Complaint in the Mississippi Lawsuit prior to his filing of this suit in Louisiana state court. In this Circuit, principles of comity and sound judicial administration dictate that where claims involving the same subject matter are pending in two different district courts, the later filed action should be transferred to the court where the earlier filed action is pending, particularly where the later filed claim is a compulsory counterclaim to the first action.

Although the choice of which action to take — transfer, stay, or dismiss — ultimately rests within the sound discretion of the Court, in this case the most efficient method is to transfer

this case to the Southern District of Mississippi, Jackson Division, or to dismiss Plaintiff's claims without prejudice. Transfer or dismissal of this case will result in Murray's claims being consolidated in the Mississippi Lawsuit. If dismissed, Murray can assert his claims against Wilson in his Answer to Wilson's Complaint, for which an extension to file has been granted until June 6, 2008. A stay, on the other hand, will require further action before this Court following resolution of the Mississippi Lawsuit and will likely impose additional unnecessary costs on all parties.

For the foregoing reasons, Murray's lawsuit should be transferred to the United States District Court for the Southern District of Mississippi, Jackson Division, or dismissed without prejudice to his right to file them as compulsory counterclaims in the Mississippi Lawsuit.

New Orleans, Louisiana this 19th day of May 2008.

OF COUNSEL:

CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, L. L. C.

M. TAYLOR DARDEN, T.A. (#4546)
LUCAS T. REGNIER (#27862)
MATTHEW J. FANTACI (#28036)
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3800
Telecopier: (504) 585-3801

Attorneys for Defendant, WILLIAM ROBERTS WILSON, JR.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of May 2008, I electronically filed the above and foregoing Motion with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel who are Filing Users, and that service was accomplished this date on any party or counsel who is not a Filing User in accordance with the Federal Rules of Civil Procedure and the local rules.

_____