UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN B. MURRAY, SR.                        CIVIL ACTION
d/b/a  MURRAY LAW FIRM

VERSUS                                        No.  08-2005

WILLIAM ROBERTS WILSON, JR.                   SECTION:  I/5

<u>ORDER AND REASONS</u>

Before the Court is a motion to transfer, dismiss, or stay proceedings filed on behalf of defendant, William Roberts Wilson, Jr., ("Wilson").[1]  For the following reasons, Wilson's motion is **GRANTED** and the above-captioned matter is **TRANSFERRED** to the United States District Court for the Southern District of Mississippi, Jackson Division.

<u>BACKGROUND</u>

Plaintiff, Stephen B. Murray, Sr., ("Murray"), is an attorney and a resident of Louisiana.[2]  On February 15, 1991, Murray executed a cost sharing and fee agreement with Wilson, an attorney and a resident of Mississippi, in relation to the prosecution of asbestos personal injury cases.[3]  Pursuant to the aforementioned agreement, Wilson was responsible for depositing judgment and settlement proceeds and distributing them to clients and other attorneys.[4]  Subsequent to executing the 1991 fee agreement, Wilson

---

[1]Rec. Doc. No. 5.

[2]Rec. Doc. No. 5-3, p. 1, para. 2.

[3]*Id.* para. 1.

[4]Rec. Doc. No. 8, p. 2.

and Murray executed similar cost sharing and fee agreements with Richard Schwartz, Richard Fountain, and Mississippi Asbestos Associates ("the attorneys").[5]

The aforementioned parties commenced prosecuting asbestos claims in 1991, and continued until 1995, when they prepared an Association Agreement (the "agreement") to clarify the particulars of their business arrangement.[6] Murray alleges that the 1995 agreement was drafted in response to Wilson's failure to remit fees as required by the 1991 fee agreement. According to Wilson, Murray did not sign the 1995 agreement. Murray maintains that since 1995, he, Wilson, and the attorneys have all operated under the 1995 agreement.

Murray claims that in early 2008, Wilson disclosed, to Murray and the attorneys, that he had failed to deposit fees with the designated escrow agent and that he was holding the fees pending a renegotiation of their business arrangement.[7] Murray asserts that Wilson's conduct constituted a breach of the parties' agreement and conversion.[8]

On March 13, 2008, Murray demanded that Wilson provide an accounting of the fees associated with the asbestos litigation and

---

[5]Rec. Doc. No. 5-2, p. 2.

[6]*Id.*

[7]Rec. Doc. No. 8, p. 3.

[8]*Id.*

that the fees owed to Murray and the attorneys be paid.[9]  According
to Murray, the accounting provided by Wilson's counsel showed that
Murray and the attorneys are owed $552,435.00 in fees.[10]

On March 26, 2008, Murray sent a letter to Wilson, demanding
that he provide documentation for the trust account into which the
fees owed to Murray and the attorneys were deposited.[11]  According
to Murray, Wilson has yet to provide that information.[12]

On April 8, 2008, Wilson filed a lawsuit against Murray in the
United States District Court for the Southern District of
Mississippi, Jackson Division, alleging breach of the 1991 fee
agreements and unjust enrichment.[13]  According to Wilson, the
impetus for filing his lawsuit was the unexpected bankruptcy of
several of the asbestos defendants and Murray's unreasonable
demands concerning some of the pending cases.[14]

On April 17, 2008, Murray was served with a summons for the
aforementioned lawsuit.[15]  The next day, Murray filed a separate
lawsuit in the Civil District Court for the Parish of Orleans,

---

[9]*Id.*

[10]*Id.* This accounting was provided on March 21, 2008. *Id.*

[11]Rec. Doc. No. 8, p. 3.

[12]*Id.*

[13]Rec. Doc. No. 5-3.

[14]Rec. Doc. No. 5-2, p. 3.

[15]*Id.*

State of Louisiana, alleging breach of contract and conversion.[16]
On May 9, 2008, Wilson timely removed Murray's lawsuit to this
Court on the basis of diversity jurisdiction.[17]  On May 19, 2008,
Wilson filed this motion arguing that Murray's lawsuit involves the
same transaction or occurrence as Wilson's Mississippi lawsuit and,
in light of the fact that Wilson's lawsuit was filed first,
Murray's lawsuit should be transferred, dismissed, or stayed.[18]

**LAW AND ANALYSIS**

**I.   STANDARD OF LAW**

    "The first-to-file rule is a discretionary doctrine that
permits a federal district court to decline jurisdiction over an
action when a complaint involving the same parties and issues is
pending in another federal court." *Lear Siegler Serv. v. Ensil
Int'l Corp.*, 2005 WL 2645008, at *2 (W.D. Tex. Sept. 20, 2005)
(Rodriguez, J.).  The rule stems from the recognition "that the
principle of comity requires federal district courts — courts of
coordinate jurisdiction and equal rank — to exercise care to avoid
interference with each other's affairs." *West Gulf Maritime Ass'n
v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985).  "The
concern manifestly is to avoid the waste of duplication, to avoid
rulings which may trench upon the authority of sister courts, and
to avoid piecemeal resolution of issues that call for a uniform

---

[16]*Id.* at pp. 3-4.

[17]*Id.* at p. 4.

[18]Rec. Doc. No. 5.

result." *Id.* at 729 (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)).  To prevent such outcomes, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *Id.* at 729.  A district court may also, in the alternative, stay or transfer the action. *Id.*  n. 1.

"In determining whether to dismiss an action, the court must answer two questions: (1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts should resolve the case?" *Excel Music, Inc. v. Simone*, No. 95-3626, 1996 WL 5708, at *5 (E.D. La. Jan. 5, 1996) (Vance, J.) (citing *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F.Supp. 994, 997 (E.D. Tex. 1993)).  The court with "'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions." *West Gulf Maritime,* 751 F.2d at 730 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)); *see Excel*, 1996 WL 5708, at *6 ("In the absence of 'compelling circumstances,' the district court who gets the suit first should be one to decide the case").

Generally, the issues presented in two separate actions need not be identical to allow one court to decide the action, "but there must be 'substantial overlap between the two suits.'" *Excel*, 1996 WL 5708, at *5 (quoting *West Gulf*, 751 F.2d at 730 (quoting *Mann*, 439 F.2d at 408)); *Save Power Ltd. v. Syntek Finance Corp.*,

121 F.3d 947, 950 (5th Cir. 1997) (Courts will generally dismiss a second-filed action if it presents a question that is closely related to the question raised in the first-filed action, or if the "overall content of each suit . . . would likely overlap"); *Wash. Metro. Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980). Furthermore, "[c]omplete identity of the parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power Ltd.*, 121 F.3d at 951. While the first-to-file rule "should not be regarded lightly," it is not a "rigid and inflexible rule to be mechanically applied, but rather is to be applied with a view to sound judicial administration." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

## II. DISCUSSION

### A. SUBSTANTIVE OVERLAP OF ISSUES

The first determination that must be made is whether the issues presented in Wilson's Mississippi lawsuit are substantially similar to the issues presented in Murray's lawsuit or, put another way, whether the issues presented in the two lawsuits would likely overlap to a substantial degree. *Excel*, 1996 WL 5708, at *5. "Courts have noted that a substantial relationship exists between two suits where the issues, though not identical, are similar enough that the cases would be consolidated if filed in the same court." *Lear*, 2005 WL 2645008, at *2.

Wilson argues that both his and Murray's lawsuits arise out of

6

the same transaction or occurrence, i.e., the 1991 agreement is the only agreement executed by the parties and it controls the obligations and rights of the parties.   Wilson contends that Murray's Louisiana lawsuit presents compulsory counterclaims that are necessarily related to Wilson's lawsuit and should have been filed in Mississippi.[19]   Wilson asserts that, in light of the fact that there is a substantial overlap of issues between his and Murray's lawsuits, Murray's lawsuit should be transferred to the Southern District of Mississippi or, in the alternative, dismissed or stayed.[20]

Murray argues that the lawsuits at issue do not arise out of the same transaction or occurrence because they are based on different fee agreements.[21]   According to Murray, Wilson's Mississippi lawsuit is based on an alleged breach of the 1991 fee agreement and Murray's Louisiana lawsuit is based on an alleged breach of the parties' 1995 agreement.  Murray argues that the 1995

---

[19]Wilson argues that Rule 13(a) of the Federal Rules of Civil Procedure dictates that Murray's claims should have been filed in Mississippi.  Rule 13(a) provides:

> A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:
> (A)   arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B)   does not require adding another party over whom the court cannot acquire jurisdiction.

[20]Rec. Doc. No. 5-2, pp. 6-7.

[21]In his memorandum in opposition, Murray agrees that "if" his and Wilson's lawsuits involved the same transaction or occurrence, it would be proper to transfer Murray's lawsuit to the Southern District of Mississippi. Rec. Doc. No. 8, p. 1.

agreement was the result of a renegotiation of the 1991 agreement and it governed the parties' business relationship from 1995 to the present.[22]

Murray contends that, in light of the fact that the lawsuits at issue are based on different agreements, the factual and legal issues that will be presented to the Louisiana and Mississippi courts are separate and distinct.[23] According to Murray, there is no substantial overlap of issues between the Louisiana and Mississippi lawsuits and, therefore, both lawsuits should be permitted to proceed separately.[24]

The parties dispute whether their business relationship during the times pertinent to the lawsuits at issue was governed by the 1991 or the 1995 agreement. If the lawsuits at issue were tried separately, both this Court and the Mississippi Court would inevitably be required to determine the validity of the 1991 agreement and the later 1995 agreement. There is a substantial overlap of issues between the two cases. The first requirement of the first-to-file rule has been satisfied. *See, e.g., Cobb*

---

[22]Murray argues that the parties' 1995 agreement is different from their 1991 agreement because the 1995 agreement:

> (1) dictated that Murray assume additional trial responsibilities; and
> (2) obligated Wilson to deposit all fees to an escrow agent's account and to present accounting and proposed distribution of fees to Murray and the Attorneys.

Rec. Doc. No. 8, p. 5.

[23]*Id.* at p. 6.

[24]*Id.* at pp. 6-8.

8

*Investment Co., Inc. v. Piccadilly Cafeterias, Inc.*, 2000 WL 2800021 (E.D. La. March 14, 2000); *Lear*, 2005 WL 2645008.

**B.   WHICH COURT SHOULD DECIDE THE LAWSUITS?**

The Court must now turn to the question of which court should decide these lawsuits. "In the absence of 'compelling circumstances,' the district court who gets the suit first should be the one to decide the case." *Excel*, 1996 WL 5708 at *6 (quoting *Mann*, 439 F.2d at 407). "[T]he circumstances under which an exception to the first-to-file rule typically will be made include bad faith . . ., anticipatory suit . . ., and forumshopping." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (citations omitted); *Excel*, 1996 WL 5708, at *6 ("The party filing suit in anticipation of a suit in another forum should not be rewarded for what amounts to forum shopping").

Murray argues that, regardless of any overlap of issues between the Louisiana and Mississippi lawsuits, the first-to-file rule should not be applied because Wilson filed the Mississippi lawsuit (1) in bad faith; (2) in anticipation of Murray's Louisiana lawsuit; and (3) in an attempt to forum-shop.[25] Murray also argues that, in light of the fact that the pertinent witnesses in both lawsuits are Louisiana residents and that all of the relevant asbestos litigation took place in Louisiana, Louisiana is a more convenient forum than Mississippi and, therefore, the first-to-file

---

[25]Rec. Doc. No. 8, pp. 6-7.

rile should not be applied.[26]

### 1.   **BAD FAITH**

Murray alleges that Wilson undertook filing his lawsuit in Mississippi in bad faith, citing Wilson's failure to specify the manner in which Murray allegedly breached the 1991 agreement.[27] However, Murray does not provide, and this Court cannot find, authority for the proposition that lack of specificity is tantamount to bad faith for purposes of the first-to-file rule.

### 2.   **ANTICIPATORY LAWSUIT**

"Anticipatory suits are disfavored because they are an aspect of forum-shopping." *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n. 3 (5th Cir. 1983).   Courts have found lawsuits filed immediately after the plaintiff received notice of **imminent** legal action from the defendant to be anticipatory.   *See Id.* (involving a letter extending the right of the first-filed action defendant to sue within 30 days) (emphasis added); *Excel Music*, 1996 WL 5708 at *6; *Amerada Petroleum Corp. v. Marshall*, 318 F.2d 661, 662 (5th Cir. 1967) (first-filed action plaintiff filed suit after being informed by defendant of her intention to involve plaintiff in a lawsuit).

As previously stated, Murray sent a letter to Wilson on March 26, 2008, in which he demanded that Wilson produce bank statements

---

[26]*Id.* at p. 7.

[27]*Id.*

showing the amount of fees that he had deposited on behalf of Murray and the attorneys, and a remittance of the fees that Wilson owed Murray and the attorneys.[28]  In his letter, Murray reserved his right to seek legal redress against Wilson.[29]  However, unlike the defendant in *Excel Music*, 1996 WL 5708 at *6, Murray did not threaten to very shortly commence legal action against Wilson should he fail to comply with Murray's demands.  Murray's letter advised Wilson that Murray was prepared to discuss a prospective renegotiation of the terms of the parties' business relationship. In light of the fact that Murray's letter did not threaten *imminent* legal action against Wilson, this Court will not apply an exception to the first-to-file rule on that ground.

### 3.   FORUM SHOPPING

"Forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice." *Manuel v. Convergys Corp.*, 2004 WL 5545025, at *3 (N.D. Ga. Oct. 18, 2004).  When determining whether a plaintiff has engaged in forum shopping, courts often consider whether a plaintiff has filed a lawsuit in the state in which he resides.  *See Rubin v. General Tire & Rubber  Co.*, 18 F.R.D. 51, 54 (S.D.N.Y. 1955) (explaining that plaintiff could not be accused of "shopping for a forum" when he is a resident of the district in which he filed his lawsuit);

---

[28]Rec. Doc. No. 8-2, p. 8.

[29]*Id.* at p. 9.

*see also Manuel*, 2004 WL 5545025, at \*3; *Panasonic Corp. of Nth. Amer. v. Patriot Scientific Corp.*, 2006 WL 709024, at \*4 (N.D. Cal. March 16, 2006); *HILB Rogal & Hobbs Co. v. Macginnitie*, 2005 WL 441509, at \*5 n. 4 (D. Conn. Feb. 14, 2005).  Other factors that courts may consider when deciding a forum-shopping issue is whether the substantive state law applied by the two district courts at issue differs on some key point, such as the requisite burden of proof or whether the cause of action is cognizable. *See, e.g., Puritan Fashions*, 706 F.2d at 602 n. 3.

It is undisputed that Wilson is a resident of and practices law in Mississippi.  Moreover, with respect to Wilson's and Murray's substantive claims, breach of contract is a cognizable cause of action in both Mississippi and Louisiana and, pursuant to both Mississippi and Louisiana law, the party alleging a breach of contract bears the burden of proving that breach.  *Hinchee v. Soloco, L.L.C.*, 971 So.2d 478, 484 (La. Ct. App. 3d Cir. 2007); *Geisenberger v. John Hancock Distribs.*, 774 F.Supp. 1045, 1052 (S.D. Miss.1991).  Considering the foregoing, the Court shall not refrain from applying the first-to-file rule on the basis of forum-shopping.

### 4.   CONVENIENCE OF FORUMS

Finally, Murray asserts that, in light of the fact that all of the asbestos litigation undertaken by Murray and Wilson was in Louisiana and that all pertinent witnesses are Louisiana residents,

12

the Court should not adhere to the first-to-file rule.[30]

"In appropriate cases it would be relevant for the court in the second-filed action to give consideration to the convenience of the parties and witnesses." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982). However, a forum non conveniens argument should normally be directed to the court in the first-filed action. *Id.* "Apprehension that the first court would fail to appropriately consider the convenience of the parties and the witnesses should not be a matter for [the second court's] consideration." *Id.; see also Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 185 (1952). Murray's forum non conveniens argument is to be considered in the Southern District of Mississippi.

## CONCLUSION

In light of the fact that (1) there is a substantial overlap of issues between Wilson's lawsuit in the Southern District of Mississippi and Murray's lawsuit in this Court; (2) none of the exceptions to the first-to-file rule are applicable; and (3) Wilson's lawsuit in the Southern District of Mississippi was filed first, the court in the Southern District of Mississippi should resolve the claims asserted in the above-captioned matter.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to transfer is **GRANTED**,

---

[30]Rec. Doc. No. 8, p. 7. The court notes that Wilson claims all of the plaintiffs were Mississippi residents. Rec. Doc. No. 5-2, p. 2.

and that the above-captioned matter and all pending motions be **TRANSFERRED** to the United States District Court for the Southern District of Mississippi, Jackson Division.

New Orleans, Louisiana, August  7th , 2008.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

14